7997.

DAVID B. HUMPHREYS

vs

LEMOURS COUSIN.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

7997

# O P I N I O N.

By his Honor John St. Paul.

This is a suit upon promissory notes. The defenses are 1. That plaintiff is not a holder in due course, but sues for account of one Hiddleston Kenner, his attorney of record, who is the real owner of said notes. 2. That said notes have been paid in full in capital and interest to said Kenner, 3. Alleged usury, 4. A suggestion that said notes really represent only amounts advanced for expenses to be incurred in certain joint ventures between said Kenner and the defendant, in which they were to share equally after deducting expenses, 5. A plea that in a certain joint venture Kenner received as his share $250 out of which $125 was to be applied upon the notes, 6. That for nine months Kenner occupied certain premises belonging to defendant, in consideration whereof Kenner was to rebuild the fences and repair the premises, but did not do so; wherefore defendant claims he is entitled to $225, or $25 per month, as the value of the occupancy, and 7. That Kenner whilst occupying said premises destroyed the furniture and fences, thereby causing damages to the extent of $500.

## I.

That plaintiff is not a holder in due course, and Kenner is the real plaintiff, is not disputed. But as the trial

Judge allowed defendant full latitude in setting up against plaintiff any defenses he might have against Kenner, the defendant has no cause for complaint. See Colovich vs National Fish Co, 8 Orleans Appeals 47, citing 123 La 871, 124 La 562, 41 An 1, 18 An 483.

## II,

There is not the slightest attempt in the evidence to show that defendant ever _paid_ anything whatever on account of these notes to Kenner, or to any one else,

## III.

The matter of usury is not even referred to in the evidence.

## IV.

The suggestion that the notes represented only advances for expenses is inconsistent with the alleged usury, inconsistent with the alleged payment, and utterly refutted by defendants own testimony. Kenner denies it Absolutely.

## V.

Just why Kenner was to apply one half of _his_ share in a certain deal to the partial extinguishment of defendants debt to him, is not shown in the testimony; indeed there is no attempt to do so, as defendant does not even mention it but contents himself with testifying that in that transaction he himself was fair and liberal and Kenner not

471

at all so. But the defendant's own testimony on that subject leaves a distinct impression that Kenner expected him to pay something on the notes out of his (defendant's) share when he received it; which expectation was not realized.

## VI.

The property occupied by Kenner was under seizure and vacant; Kenner undertook to fight the seizure on a contingent fee, but was unsuccessful. It in inconceivable that anyone, especially if versed in law, would have undertaken to make extensive repairs upon property which he held by a tenure so precarious and with the sheriff likely to call upon him at any moment for rent. Kenner denies there was any agreement beyond permission to occupy the premises as quasi care-taker, and the circumstances tend to corroborate him.

## VII.

The evidence does not show what damages if any Kenner did to the premises, nor the amount of such damages if any. Kenner denies that he damaged anything whatever; and the fact that he had a half interest in the property if he succeeded in saving it, is very persuasive evidence that he did not do so.

## VIII.

On the whole we arise from a consideration of this case with the firm conviction that there is no merit whatever in the defenses set up.

The judgment appealed from is therefore reversed, and it is now ordered that there be judgment for plaintiff David C. Humphreys, and against defendant Nemours Cousin, for the full sum of Three hundred and Seventy-six & 18/100 Dollars ($376.18) with legal interest from judicial demand until paid and the costs of both courts.